# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUSTIN CABOT,<br><br>　　　　Petitioner,<br><br>v.<br><br>J. RAY ORMOND,<br><br>　　　　Respondent. | Civil Action No. 18-4423 (SDW)<br><br><br>MEMORANDUM OPINION |

IT APPEARING THAT:

1. On or about June 30, 2016, *pro se* Petitioner Justin Cabot filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Docket No. 16-3294 at ECF No. 1). In that motion, Petitioner raised two claims: first, a claim based on *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015), and second, a claim in which he challenges the execution of his sentence by the Bureau of Prisons (BOP) in which he argued that the BOP had improperly credited his sentence based on the way it treated his state and federal sentences as consecutive to one another. (*Id.*).

2. Petitioner's § 2255 motion, however, was not the first time Petitioner had raised his claim regarding the calculation and crediting of his sentences. Petitioner had previously raised that claim through a habeas corpus petition, filed pursuant to 28 U.S.C. § 2241, in the Middle District of Pennsylvania. *See Cabot v. Maiorana*, No. 15-0900, 2015 WL 4160075 (M.D. Pa. July 9, 2015). The Middle District ultimately rejected that claim on the merits, finding that Petitioner's assertion that he was denied the benefit of a concurrent state sentence was without merit as Petitioner's federal sentence was "to run *consecutive* to his state sentence," and that Petitioner's sentencing credits had thus been correctly calculated. *Id.* at *5.

1

3. On June 1, 2017, this Court entered an order and memorandum opinion which denied Petitioner's *Johnson* claim as it had been foreclosed by the Supreme Court's ruling in *Beckles v. United States*, --- U.S. ---, 137 S. Ct. 886 (2017), and denied Petitioner a certificate of appealability as to that claim. (Docket No. 16-3924 at ECF Nos. 3-4). In that opinion, this Court also dismissed for lack of jurisdiction Petitioner's sentencing calculation claim as it sought to challenge "the execution, rather than the validity" of Petitioner's sentence, and thus could only properly be brought as a § 2241 petition in the district of Petitioner's confinement – at that time the Middle District of Pennsylvania. (*Id.*).

4. Almost a year later, Petitioner filed a letter with the Court that Petitioner's requests be treated as a § 2241 habeas petition. (ECF No. 1). In his current letter petition, Petitioner once again requests that this Court review his claim that his sentence has been miscalculated because his state sentence has been run consecutively to his federal prison sentence, the same claim previously rejected by the Middle District and dismissed for lack of jurisdiction by this Court. (*Id.*). Petitioner, however, also asks that the Court reconsider his sentence, either based on his sentencing calculation argument or based on a decline in his health resulting from his suffering from a disease known as Spinal Muscular Atrophy, which is apparently "in the Lou Ge[h]rig's disease family." (*Id.* at 6).

5. Because Petitioner has filed a purported habeas petition with this Court, the Court is required to preliminarily review his petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, the Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

6. Petitioner's chief claim in his purported habeas petition is that his sentence is being miscalculated by the BOP based on the BOP's crediting of his state court sentence, a challenge to the execution, rather than validity, of Petitioner's sentence. As this Court explained to Petitioner in dismissing a virtually identical claim in Petitioner's previous § 2255 motion, such a claim must be brought pursuant to 28 U.S.C. § 2241 in the district in which Petitioner is currently confined, which now appears to be the Eastern District of Kentucky. *See, e.g., Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004); *McGee v. Martinez*, 627 F.3d 933, 935-37 (3d Cir. 2010); *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 242-44 (3d Cir. 2005). *Coady v. Vaughn*, 251 F.3d 480, 485-86 (3d Cir. 2001). As a § 2241 petition can only be brought in the district of current confinement, and not in the sentencing district, this Court has no jurisdiction over Petitioner's calculation of sentence claim, and must therefore either dismiss Petitioner's calculation claim or transfer it to the appropriate jurisdiction if a transfer is in the interests of justice. *See* 28 U.S.C. § 1631 (permitting transfer of a matter over which the Court lacks jurisdiction to the appropriate forum where the Court determines that "it is in the interest of justice"). Because Petitioner has already raised an effectively identical claim in the Middle District of Pennsylvania and had that claim denied on the merits, this Court finds that it is not in the interests of justice to transfer this matter, and will thus dismiss Petitioner's letter petition for lack of jurisdiction.

7. Turning to Petitioner's request for a "reconsideration" of his sentence, Petitioner does not appear to assert that his initial sentence was erroneous or otherwise invalid. Petitioner, in fact, provides no authority for a resentencing. To the extent that Petitioner believes that he is entitled to a full resentencing just because he thinks that he could make a better sentencing argument now than he did at his original sentencing, this Court is aware of no authority permitting such a resentencing, and Petitioner's request for such a rehearing is denied. *See, e.g., United States v.*

*Dillon*, 560 U.S. 817, 819 (2010) (a federal court "generally may not modify a term of imprisonment once it has been imposed").

8. To the extent that Petitioner requests that he receive a resentencing based on the deterioration of his heath, however, this Court notes that a reduction in sentence based on poor health is, in certain limited circumstances, available through 18 U.S.C. § 3582(c)(1). Pursuant to that statute, "the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment [of a petitioner] . . . if [there are] extraordinary and compelling reasons [which] warrant such a reduction." It is clear from the statute that "in order for an inmate to be even considered for . . . relief, a motion for his sentence reduction should be filed by the Director of the BOP after the Director approves an inmate's application for compassionate release. Without satisfying this condition precedent, an inmate has no basis for seeking habeas review." *Chu v. Hollingsworth*, No. 14-4598, 2014 WL 3730651, at *3 (D.N.J. July 28, 2014). Where the Director, in his discretion, determines that compassionate release is not warranted under § 3582(c)(1), that decision "is simply *judicially unreviewable*." *Id.* (emphasis in original). Thus, to the extent Petitioner wishes to seek compassionate release based on his deteriorating health, he must do so by requesting compassionate release from the BOP, and not through filing a habeas petition in this Court. Petitioner's attempt to secure compassionate release relief from this Court, absent a motion from the Director of the BOP, is thus premature, and must also be dismissed. *Id.* Petitioner's purported habeas petition will thus be dismissed in its entirety for lack of jurisdiction.

9. In conclusion, Petitioner's letter habeas petition is DISMISSED for lack of jurisdiction. An appropriate order follows.

Dated: April 9, 2018                             *s/ Susan D. Wigenton*
                                                               Hon. Susan D. Wigenton,
                                                               United States District Judge